Dean G. Rallis Jr. (# 94266)
drallis@afrct.com
Matthew D. Pham (# 287704)
mpham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for WELLS FARGO BANK, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings Bank, FSB

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>LAURA A. GENS,<br><br>Debtor. | Case No.: 15-53562-SLJ<br><br>Chapter 11<br><br>**WELLS FARGO'S OBJECTION TO DEBTOR'S NOTICES OF HEARING ON OBJECTIONS TO PROOFS OF CLAIM AND DEBTOR'S EX PARTE APPLICATION TO MODIFY ORDER APPROVING THIRD STIPULATION; DECLARATION OF DEAN G. RALLIS JR. IN SUPPORT THEREOF**<br><br>Date: [No Hearing Set]<br>Time:<br>Crtrm: 3099<br>280 South First Street<br>San Jose, California 95113 |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE; OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR AND HER COUNSEL OF RECORD; AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

Wells Fargo Bank, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, which was formerly known as World Savings Bank, FSB ("Wells Fargo"), hereby submits its objection (the "Objection") to the (A) *Notice of Hearing on Objection to Proof of Claim Number 5 Filed by Wells Fargo Bank*, at

docket no. 102, (B) *Notice of Hearing on Objection to Proof of Claim Number 6 Filed by Wells Fargo Bank*, and (C) *Ex Parte Application to Modify Order Entered on Stipulation Regarding Claim Objection* (the "Ex Parte Application"), at docket no. 105, filed by Laura A. Gens, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor") on August 12, 2016. In support of the Objection, Wells Fargo respectfully submits as follows:

1. INTRODUCTORY STATEMENT.

A wide variety of circumstances outside of counsel's control may arise in a case that call for opposing counsel to grant a request for an extension as a professional courtesy. Indeed, this was what happened over the past few months in this case. Due to unavoidable delays while Wells Fargo's counsel worked with Wells Fargo personnel on preparing the opposition to the Debtor's claim objections, the Debtor's counsel did not hesitate to grant Wells Fargo's counsel's requested extensions each time. However, the present circumstances of the claim objection proceedings do not call for Wells Fargo to reciprocate. Here, the Debtor has belatedly requested from Wells Fargo and now the Court an extension to file her reply to Wells Fargo's now-filed opposition papers. This request is not just after the filing deadline for the reply but after the hearing on the underlying claim objections where the Court expressly took the matters under submission, indicating its intention to rule based on the papers filed thus far. Not only is the Debtor's request for an extension unreasonably late, but the purported reason—that the Debtor has not had the opportunity to review Wells Fargo's opposition papers—is not an emergency or a circumstance outside of the Debtor's counsel's control that calls for providing the Debtor an extension. For these reasons, the Debtor's Ex Parte Application should be denied.

2. ARGUMENT.

**2.1. The Debtor's Ex Parte Application Is a Unreasonably Belated Attempt at an Extension.**

Under the Court's order approving the parties' third stipulation to continue the hearing on the Debtor's claim objections and to extend the related deadlines, entered on May 24, 2016, at docket no. 78, the hearing on the Debtor's claim objections was continued to August 11, 2016, with Wells Fargo's opposition to the Debtor's claim objections due 14 days prior to the hearing

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Case: 15-53562 Doc# 106 Filed: 08/15/16 Entered: 08/15/16 12:03:45 Page 2 of 36

(i.e., July 28, 2016) and the Debtor's reply to Wells Fargo's opposition due seven days prior to the hearing (i.e., August 4, 2016).

Wells Fargo acknowledges that its opposition papers—which include the opposition (70 pages), the supplemental opposition (34 pages), the request for judicial notice (998 pages), the declaration of Mark Flewelling (511 pages), and the declaration of Jamila Williams (261 pages) (collectively, the "Opposition Papers")—were quite lengthy and that having only seven days to evaluate and respond to the Opposition Papers would have been a herculean effort on the Debtor's part. However, at no point after the filing of the Opposition Papers, whether before the Debtor's deadline to file her reply or even before the hearing on the claim objections, did the Debtor's counsel reach out to Wells Fargo's counsel to request additional time to review the Opposition Papers and prepare a response. Given the Debtor's counsel's prior generosity, Wells Fargo's counsel would have reciprocated and stipulated to provide the Debtor with more time to respond if the Debtor's counsel had requested it before the reply deadline and possibly even before the August 11 hearing. However, the Debtor's counsel did not make the request until the day after the hearing where the Court signaled its intention to rule on the claim objections based on the filed papers.

2.2. **The Debtor's "Justification" for an Extension Seems Disingenuous**.

Not only is the Debtor's request for an extension unreasonably late, but the Debtor's "justification" for an extension—that she (or her counsel) has not had the opportunity to read and review the Opposition Papers—seems disingenuous given what has transpired.

At no point during the 14-day period between the filing of the Opposition Papers and the August 11 hearing did the Debtor's counsel contact Wells Fargo's counsel to inform him that the Debtor or her counsel had not had the opportunity to read and review the Opposition Papers. And at no point during the August 11 hearing did the Debtor's counsel state on the record that the Debtor or her counsel had not read or reviewed the Opposition Papers. Instead, when asked by the Court regarding the Debtor's position on the Opposition Papers, the Debtor's counsel's response was that there was no substantive objection to the Opposition Papers, rather than admitting that the Opposition Papers had not been read or reviewed yet. The Debtor's failure to

read the Opposition Papers was not an emergency or something that appeared out of thin line. This was something that was clearly known to the Debtor since the Opposition Papers were filed.

The only surprise was the volume of the Opposition Papers. The Ex Parte Application provides that the "Debtor's counsel anticipated the opposition to consist of an excel spreadsheet, or a table, detailing payment history," and that a "2,000 page opposition was completely beyond counsel's expectation." The volume was apparently overwhelming, but nevertheless, the Debtor's counsel did not need to thoroughly review and evaluate the entirety of the Opposition Papers before knowing that a filing extension was going to be necessary. Once the Debtor's counsel received notice of the filing of the majority of the Opposition Papers on July 28, 2016, given the volume, the Debtor's counsel should have immediately reached out to Wells Fargo's counsel to request an extension. Yet, the Debtor's counsel did not do so.

The Debtor's Ex Parte Application seems more like an attempt to re-litigate the claim objections following the Debtor's dissatisfaction with the Court's intended course of action as set forth by the Court on the record at the August 11 hearing.[1] Despite having no substantive objection to the Opposition Papers at the hearing, the Debtor now does not want the Court to take the claim objections under submission nor does it want the Court to only consider the Debtor's one-page claim objections and Wells Fargo's 1,874-page Opposition Papers in adjudicating the matters. And the Debtor is using the supposed lack of an opportunity to review the Opposition Papers as the justification for allowing her to re-litigate. This is wholly improper.

2.3. **The Debtor Has Not Complied with Wells Fargo's Discovery Requests**.

Not only has the Debtor not filed a reply to the Opposition Papers in a timely manner, but the Debtor has also failed to comply with Wells Fargo's discovery requests relating to her claim objections. Wells Fargo served interrogatories on the Debtor, requesting that she, among other things, (A) identify each payment that she made or tendered to Wells Fargo on account of the loan, (B) state all facts in support of her contention that Wells Fargo miscalculated the arrears on the loan, (C) describe in detail all amounts that she contended Wells Fargo had not credited to

[1] The minutes on the docket also set forth the Court's ruling, specifically that the "[c]laim objection matter is under submission" and that the "[C]ourt will issue an order."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

the loan, (D) state all facts in support of any dispute for any amounts set forth in Wells Fargo's claim, and (E) state the date and amount of all payments of property taxes and hazard insurance coverage in connection with the property subject to the loan. Wells Fargo also served requests for the production of documents on the Debtor, requesting that she, among other things, produce (W) all documents that she intended to offer to show the proper amount of the arrears on the loan or disprove Wells Fargo's calculation of the amount of the arrears, (X) all documents that relate to her contention that Wells Fargo failed to credit payments on the loan for monthly payments and property taxes owed, (Y) all documents that reflect payments tendered to Wells Fargo, and (Z) all documents that reflect payments on account of property taxes or hazard insurance coverage. To date, despite the repeated extensions, Wells Fargo has not received from the Debtor any response to the interrogatories or any responsive document. The Debtor should not be entitled to an extension in the claim objection proceedings if she has responded to any of Wells Fargo's discovery in the same proceedings.

Given that a hearing has already been held on the claim objections where the parties were afforded the opportunity to present oral argument and where the Court expressly deemed both matters to be submitted on the filed papers, the Debtor should not be given the opportunity to re-litigate the claim objections and disregard the Court's oral ruling at the August 11 hearing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

3. CONCLUSION.

**WHEREFORE**, Wells Fargo respectfully requests that the Court enter an Order:

1. Sustaining Wells Fargo's Objection;

2. Denying the Debtor's Ex Parte Application;

3. Vacating the new hearings on the claim objections; and

4. Providing such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

Dated: August 15, 2016

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Dean G. Rallis Jr.
Dean G. Rallis Jr.

Attorneys for WELLS FARGO BANK, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB

**DECLARATION OF DEAN G. RALLIS JR.**

1. I am an attorney employed by the law firm Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, counsel for secured creditor Wells Fargo Bank, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"), in the above-captioned chapter 11 case of the debtor and debtor in possession Laura A. Gens (the "Debtor"). I have personal knowledge of the facts stated in this declaration, and if called to testify, could and would, without waiver of any applicable privilege, testify that the facts stated in this declaration are true and correct to the best of my knowledge and information.

2. In response to the Debtor's claim objections, Wells Fargo filed an opposition (which was 70 pages), the supplemental opposition (which was 34 pages), the request for judicial notice (which was 998 pages), and the declaration of Mark Flewelling (which was 511 pages) on July 28, 2016, and filed the declaration of Jamila Williams (which was 261 pages) on July 29, 2016 (collectively, the "Opposition Papers").

3. Although the declaration of Jamila Williams was filed one day after the Court's deadline, prior to that deadline passing, I contacted the Debtor's counsel requesting a short filing extension, which the Debtor's counsel agreed to by email. A true and correct copy of that email sent by Sam Taherian on July 28, 2016, at 2:57 p.m., is attached hereto as **Exhibit 1**.

4. Despite the volume of the Opposition Papers, at no point after the filing of the Opposition Papers on July 28 and 29, whether before the Debtor's deadline to file her reply on August 4, 2016, or even before the hearing on the claim objections on August 11, 2016, did the Debtor's counsel reach out to me to request additional time to review the Opposition Papers and prepare a response. Given the Debtor's counsel's prior generosity, I would have reciprocated and stipulated to provide the Debtor with more time to respond if the Debtor's counsel had requested it before the reply deadline and possibly even before the August 11 hearing. However, the Debtor's counsel did not make the request until the day after the hearing where the Court signaled its intention to rule on the claim objections based on the filed papers.

5. Additionally, at no point during the 14-day period between the filing of the Opposition Papers and the August 11 hearing did the Debtor's counsel inform me that the Debtor or her counsel had not had the opportunity to read and review the Opposition Papers.

6. A hearing on the Debtor's claim objections was held on August 11, 2016. I appeared in person on behalf of Wells Fargo, and Lars Fuller appeared in person on behalf of the Debtor. I do not recall at any point during the hearing the Debtor's counsel stating on the record that the Debtor or her counsel had not read or reviewed the Opposition Papers. Instead, I recall that when asked by the Court regarding the Debtor's position on the Opposition Papers, the Debtor's counsel's response was that there was no substantive objection to the Opposition Papers, rather than admitting that the Opposition Papers had not been read or reviewed yet.

7. In connection with claim objections and the confirmation proceedings, my firm served interrogatories on the Debtor on March 8, 2016, via overnight mail. The interrogatories requested that the Debtor, among other things, (A) identify each payment that she made or tendered to Wells Fargo on account of the loan, (B) state all facts in support of her contention that Wells Fargo miscalculated the arrears on the loan, (C) describe in detail all amounts that she contended Wells Fargo had not credited to the loan, (D) state all facts in support of any dispute for any amounts set forth in Wells Fargo's claim, and (E) state the date and amount of all payments of property taxes and hazard insurance coverage in connection with the property subject to the loan. A true and copy of the interrogatories are attached hereto as **Exhibit 2**.

8. Similarly, in connection with the claim objections and the confirmation proceedings, my firm served requests for the production of documents on the Debtor on March 8, 2016, via overnight mail. The requests for the production of documents requested that the Debtor, among other things, produce (W) all documents that she intended to offer to show the proper amount of the arrears on the loan or disprove Wells Fargo's calculation of the amount of the arrears, (X) all documents that relate to her contention that Wells Fargo failed to credit payments on the loan for monthly payments and property taxes owed, (Y) all documents that reflect payments tendered to Wells Fargo, and (Z) all documents that reflect payments on

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

account of property taxes or hazard insurance coverage. A true and copy of the requests for the production of documents are attached hereto as **Exhibit 3**.

        9.      To date, despite the repeated extensions, Wells Fargo has not received from the Debtor any response to the interrogatories or any responsive document.

        I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 15, 2016, at Pasadena, California.

                                         /s/ Dean G. Rallis Jr.

                                         Dean G. Rallis Jr.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# EXHIBIT 1

**Matthew Pham**

---

**From:** Sam Taherian <samanjd@gmail.com>
**Sent:** Thursday, July 28, 2016 2:57 PM
**To:** Dean G. Rallis
**Cc:** Lars T. Fuller (lars.fullerlaw@gmail.com); Matthew Pham
**Subject:** Re: In re Laura Gens - Request for Short Extension to File Opposition to Claim Objection

Good afternoon Dean:

I have no opposition to an extension through Monday.

Thanks,
Sam Taherian

On Thu, Jul 28, 2016 at 2:26 PM, Dean G. Rallis <drallis@afrct.com> wrote:

Lars and Sam –

I called your office and left a message. The purpose of my call is to request a short extension of the deadline (which is today) to file the Bank's response to the Debtor's objections to the Bank's claims. I request an extension through Monday, August 1, 2016 (next Monday). There has been, I understand, a short delay in the Bank's review of the papers.

Please let me know if you will agree to my request.

Thank you for your immediate attention to this.

Dean

**Dean G. Rallis Jr., Esq.**

Anglin Flewelling Rasmussen Campbell & Trytten LLP (AFRCT)

199 South Los Robles Avenue, Suite 600

Pasadena, California 91101

Direct Telephone:  (626) 204-0261

Direct Facsimile: (213) 947-1107

Cell:  (818) 634-9698

Email:  drallis@afrct.com

**This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed.  If you have received this transmission in error, please immediately return it to the sender.  Unintended transmission shall not constitute waiver of the attorney-client or any other privilege**

# EXHIBIT 2

Dean G. Rallis Jr. (# 94266)
drallis@afrct.com
Matthew D. Pham (# 287704)
mpham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Creditor
WELLS FARGO BANK, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings Bank, FSB

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>LAURA A. GENS,<br><br>Debtor. | Case No.: 15-bk-53562-SLJ<br><br>Chapter 11<br><br>**WELLS FARGO'S INTERROGATORIES TO THE DEBTOR, LAURA A. GENS (SET 1)** |

PROPOUNDING PARTY: CREDITOR WELLS FARGO BANK, N.A.
RESPONDING PARTY: DEBTOR LAURA A. GENS
SET NO.: ONE

Creditor Wells Fargo Bank, N.A. requests the Debtor, Laura A. Gens, provide verified response to the interrogatories below.

**DEFINITIONS**

ACCOUNT or ACCOUNTS includes accounts of any kind, including, without limitation, deposit, savings, checking, brokerage, and retirement accounts.

CHEMACOUSTIC refers to ChemAcoustic Technologies, Inc. (as identified on page 14, footnote 11 of the PLAN), its owners, officers, directors, agents, attorneys, employees, representatives, and anyone acting on its behalf.

Case: 15-53562 Doc# 106 Filed: 08/15/16 Entered: 08/15/16 12:03:45 Page 14 of 36

CLAIM refers to the Proof of Claim filed by Wells Fargo Bank, N.A. on March 8, 2016 (ECF 5-1), a copy of which is attached hereto as **Exhibit 1**.

CONSULTING AGREEMENT means the document attached as Exhibit 3 to the T. GENS DECLARATION.

CONSULTING AGREEMENT ADDENDUM means the document attached as Exhibit 2 to the T. GENS DECLARATION.

DEBTOR ACCOUNTS means and includes all ACCOUNTS on which Laura A. Gens is an account holder or an authorized signatory, all ACCOUNTS that were used by Laura A. Gens, and all ACCOUNTS where funds were deposited for the benefit of Laura A. Gens.

DOCUMENTS is used herein in its customary broad sense, and includes any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence. Without limitation, DOCUMENTS includes e-mails, text messages, instant messages, recordings, screenshots and other captures of images that can be displayed on a computer screen.

LAURA DEMPSEY DESIGN refers to Laura Dempsey Design, the entity identified on page 14 of the PLAN, its owners, officers, directors, agents, attorneys, employees, representatives, and anyone acting on its behalf.

LOAN means and refers to the loan in the original principal amount of $1,620,000 from World Savings Bank, FSB to Laura A. Gens on November 17, 2006 (original loan #0044602498; current loan #0483067385).

MOR means the Monthly Operating Report filed by the DEBTOR on February 22, 2016 (ECF 54), a copy of which is attached hereto as **Exhibit 2**.

PLAN refers to the [Proposed] Combined Plan of Reorganization and Disclosure Statement Dated Feb. 11, 2016 filed by the DEBTOR on February 12, 2016 (ECF 52), a copy of which is attached hereto as **Exhibit 3**.

PLAN PAYMENT PERIOD means the 60-month period beginning on the Effective Date of the PLAN.

PROPERTY means 4141 Old Trace Road, Palo Alto, California 94306.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Case: 15-53562 Doc# 106 Filed: 08/15/16 Entered: 08/15/16 12:03:45 Page 15 of 36

TECHNOLOGY GROUP refers to The Technology Group, Inc. (as identified on page 14, footnote 11 of the PLAN), its owners, officers, directors, agents, attorneys, employees, representatives, and anyone acting on its behalf.

TIMOTHY refers to Timothy Gens, his agents, attorneys, employees, representatives, and anyone acting on his behalf.

T. GENS DECLARATION means the Declaration of Timothy Gens in Opposition to UST Motion to Dismiss Or Convert (ECF 50-1) (filed on February 10, 2016). A copy is attached hereto as **Exhibit 4.**

WELLS FARGO means Wells Fargo Bank, N.A., Wachovia Mortgage, FSB, and World Savings Bank, FSB, Wells Fargo Home Mortgage, or any of them, their agents, attorneys, employees, representatives, and anyone acting on their behalf.

YOU, YOUR, YOURS, and DEBTOR refers to Laura A. Gens, her agents, attorneys, employees, representatives, and anyone acting on her behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify (by name, last known address, email, and phone number) all persons whose testimony or declarations YOU intend to offer into evidence or submit to the Court in connection with confirmation of the PLAN.

**INTERROGATORY NO. 2:**

Identify (by name, last known address, email, and phone number) all persons whose actual or potential monetary contribution was used to calculate the "Income Reserves if necessary to fund plan" set forth at page 14 of the PLAN.

**INTERROGATORY NO. 3:**

Describe (by payor name, the payor's last known address, payor's email and phone number, and payment amount) each sale, donation, gift, or income from any source that resulted in cash received by the DEBTOR between February 1, 2015 and the present.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**INTERROGATORY NO. 4:**

Describe (by payee name, the payee's last known address, payee's email and phone number, and payment amount) each expense paid by the DEBTOR or for the DEBTOR'S benefit between February 1, 2015 and the present.

**INTERROGATORY NO. 5:**

Describe (by payor name, the payor's last known address, payor's email and phone number, and payment amount) each sale, donation, gift, or income from any source that resulted in cash received by LAURA DEMPSEY DESIGN between February 1, 2015 and the present.

**INTERROGATORY NO. 6:**

Describe (by payee name, the payee's last known address, payee's email and phone number, and payment amount) each expense paid by LAURA DEMPSEY DESIGN between February 1, 2015 and the present.

**INTERROGATORY NO. 7:**

Identify (by institution name, address, account type, and account number) each DEBTOR ACCOUNT opened or in use between January 1, 2013 and the present.

**INTERROGATORY NO. 8:**

Identify (by institution name, address, account type, and account number) each ACCOUNT opened or used by LAURA DEMPSEY DESIGN between January 1, 2013 and the present.

**INTERROGATORY NO. 9:**

Identify (by account holder, institution name, address, account type, and account number) each ACCOUNT that has received or will receive any portion of the funds that the "non-filing spouse" will contribute to DEBTOR'S monthly income, as stated on Exhibit 3 to the PLAN.

**INTERROGATORY NO. 10:**

State the names and addresses of each of the parties to the CONSULTING AGREEMENT.

**INTERROGATORY NO. 11:**

For each month from the effective date of the CONSULTING AGREEMENT to the present, state the actual amount of gross income received by the TECHNOLOGY GROUP.

**INTERROGATORY NO. 12:**

State the names and addresses of each of the parties to the CONSULTING AGREEMENT ADDENDUM.

**INTERROGATORY NO. 13:**

For each month from the effective date of the CONSULTING AGREEMENT ADDENDUM to the present, state the amount of gross income received by TIMOTHY.

**INTERROGATORY NO. 14:**

State the name and addresses of the persons or institutions that prepared the "Account Activity" statements attached to the T. GENS DECLARATION.

**INTERROGATORY NO. 15:**

Identify (by date, amount, payor name, payment method, and recipient) each payment YOU made or tendered to WELLS FARGO during the life of the LOAN.

**INTERROGATORY NO. 16:**

State all facts in support of YOUR contention that WELLS FARGO has miscalculated the amount in arrears on the LOAN.

**INTERROGATORY NO. 17:**

Identify (by name, last known address, and phone number) all persons who have knowledge of facts supporting YOUR contention that WELLS FARGO has miscalculated the amount in arrears on the LOAN.

**INTERROGATORY NO. 18:**

Describe in detail all amounts YOU contend WELLS FARGO should have credited, but did not credit, against the amounts owing on the LOAN.

**INTERROGATORY NO. 19:**

Identify (by name, last known address, and phone number) all persons who have knowledge of the facts supporting YOUR contention that WELLS FARGO failed to credit all amounts that should have been credited against the amounts owing on the LOAN.

**INTERROGATORY NO. 20:**

If YOU dispute any amount set forth on the CLAIM, state all facts in support of YOUR contention.

**INTERROGATORY NO. 21:**

If YOU dispute any amount set forth on the CLAIM, identify (by name, last known address, email, and phone number) all persons who have knowledge of the facts supporting YOUR contention.

**INTERROGATORY NO. 22:**

State the date and amount of each payment of property taxes YOU made in connection with the PROPERTY during the life of the LOAN.

**INTERROGATORY NO. 23:**

State the date and amount of each payment YOU made for hazard insurance coverage on the PROPERTY during the life of the LOAN.

Dated: March 8, 2016

Respectfully submitted,

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: ____________________
Dean G. Rallis Jr.
drallis@afrct.com
Attorneys for Creditor
WELLS FARGO BANK, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("WELLS FARGO")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S INTERROGATORIES TO THE DEBTOR, LAURA A. GENS (SET 1)**

on the interested parties in said case as follows:

☒ **BY OVERNIGHT MAIL SERVICE:** I am readily familiar with the firm's practice of collection and processing of correspondence by Norco Delivery Services. Under that same practice it would be deposited on that same day in an Norco Delivery Services collection receptacle at Pasadena, California, with instructions to bill sender on the label.

**THE FULLER LAW FIRM, P.C.**
**Lars T. Fuller**
**Sam Taherian**
**Joyce K. Lau**
**60 No.Keeble Ave.**
**San Jose, CA 95126**
**Telephone: (408)295-5595**
**Facsimile: (408) 295-9852**

*Counsel for the Debtor, Laura A. Gens*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on March 8, 2016.

Malinda Sinclair
(Type or Print Name)

[signature]
(Signature of Declarant)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# EXHIBIT 3

Dean G. Rallis Jr. (# 94266)
drallis@afrct.com
Matthew D. Pham (# 287704)
mpham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Creditor
WELLS FARGO BANK, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings Bank, FSB

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>LAURA A. GENS,<br><br>Debtor. | Case No.: 15-bk-53562-SLJ<br><br>Chapter 11<br><br>**WELLS FARGO'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEBTOR, LAURA A. GENS (SET 1)** |

| | |
|---|---|
| PROPOUNDING PARTY: | CREDITOR WELLS FARGO BANK, N.A. |
| RESPONDING PARTY: | DEBTOR LAURA A. GENS |
| SET NO.: | ONE |

Creditor Wells Fargo Bank, N.A. requests the Debtor, Laura A. Gens, to produce a copy of each of the below documents. Said production is due within thirty (30) days of service at the offices of Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 South Los Robles Avenue, Suite 600, Pasadena, California, attention: Dean G. Rallis Jr.

/ / /

/ / /

/ / /

/ / /

Case: 15-53562 Doc# 106 Filed: 08/15/16 Entered: 08/15/16 12:03:45 Page 22 of 36

## DEFINITIONS

ACCOUNT or ACCOUNTS includes accounts of any kind, including, without limitation, deposit, savings, checking, brokerage, and retirement accounts.

CHEMACOUSTIC refers to ChemAcoustic Technologies, Inc. (as identified on page 14, footnote 11 of the PLAN), its owners, officers, directors, agents, attorneys, employees, representatives, and anyone acting on its behalf.

CLAIM refers to the Proof of Claim filed by Wells Fargo Bank, N.A. on March 8, 2016 (ECF 5-1), a copy of which is attached hereto as **Exhibit 1**.

CONSULTING AGREEMENT means the document attached as Exhibit 3 to the T. GENS DECLARATION.

CONSULTING AGREEMENT ADDENDUM means the document attached as Exhibit 2 to the T. GENS DECLARATION.

DEBTOR ACCOUNT means and includes all ACCOUNTS on which Laura A. Gens is an account holder or an authorized signatory, all ACCOUNTS that were used by Laura A. Gens, and all ACCOUNTS where funds were deposited for the benefit of Laura A. Gens.

DOCUMENTS is used herein in its customary broad sense, and includes any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence. Without limitation, DOCUMENTS includes e-mails, text messages, instant messages, recordings, screenshots and other captures of images displayed on a computer screen.

LAURA DEMPSEY DESIGN refers to Laura Dempsey Design, the entity identified on page 14 of the PLAN, its owners, officers, directors, agents, attorneys, employees, representatives, and anyone acting on its behalf.

LOAN means and refers to the loan in the original principal amount of $1,620,000 from World Savings Bank, FSB to Laura A. Gens on November 17, 2006 (original loan #0044602498; current loan #0483067385).

MOR means the Monthly Operating Report filed by the DEBTOR on February 22, 2016 (ECF 54), a copy of which is attached hereto as **Exhibit 2**.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Case: 15-53562 Doc# 106 Filed: 08/15/16 Entered: 08/15/16 12:03:45 Page 23 of 36

PLAN refers to the [Proposed] Combined Plan of Reorganization and Disclosure Statement Dated Feb. 11, 2016 filed by the DEBTOR on February 12, 2016 (ECF 52), a copy of which is attached hereto as **Exhibit 3**.

PLAN PAYMENT PERIOD means the 60-month period beginning on the Effective Date of the PLAN.

PROPERTY means 4141 Old Trace Road, Palo Alto, California 94306.

TECHNOLOGY GROUP refers to The Technology Group, Inc. (as identified on page 14, footnote 11 of the PLAN), its owners, officers, directors, agents, attorneys, employees, representatives, and anyone acting on its behalf.

TIMOTHY refers to Timothy Gens, his agents, attorneys, employees, representatives, and anyone acting on his behalf.

T. GENS DECLARATION means the Declaration of Timothy Gens in Opposition to UST Motion to Dismiss Or Convert (ECF 50-1) (entered February 10, 2016). A copy is attached as **Exhibit 4**.

WELLS FARGO means Wells Fargo Bank, N.A., Wachovia Mortgage, FSB, and World Savings Bank, FSB, Wells Fargo Home Mortgage, or any of them, their agents, attorneys, employees, representatives, and anyone acting on their behalf.

YOU, YOUR, YOURS, and DEBTOR refers to Laura A. Gens, her agents, attorneys, employees, representatives, and anyone acting on her behalf.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1.**

All DOCUMENTS that YOU intend to offer into evidence or submit to the Court to support confirmation of the PLAN.

**REQUEST FOR PRODUCTION NO. 2.**

All DOCUMENTS that YOU intend to offer into evidence or submit to the Court to establish YOUR income, revenues and all other monetary receipts from any and all source(s) during the PLAN PAYMENT PERIOD.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**REQUEST FOR PRODUCTION NO. 3.**

All DOCUMENTS that YOU intend to offer into evidence or submit to the Court to establish YOUR projected expenses during the PLAN PAYMENT PERIOD.

**REQUEST FOR PRODUCTION NO. 4.**

All DOCUMENTS that YOU furnished to any expert witness whose testimony YOU intend to offer into evidence or submit to the Court in connection with confirmation of the PLAN.

**REQUEST FOR PRODUCTION NO. 5.**

All DOCUMENTS that YOU intend to offer into evidence or submit to the Court to establish or disprove the amount of interest owing on the amounts in arrears on the LOAN.

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS that YOU intend to offer into evidence or submit to the Court to establish or disprove the amount of attorneys' fees and costs incurred by WELLS FARGO in connection with the LOAN.

**REQUEST FOR PRODUCTION NO. 7.**

All DOCUMENTS that mention, reflect, or comprise reports, findings, conclusions, opinions (preliminary and final) of any expert witness whose testimony YOU intend to offer into evidence or submit to the Court in connection with confirmation of the PLAN.

**REQUEST FOR PRODUCTION NO. 8.**

All DOCUMENTS that YOU referred to or relied on to prepare Exhibit 3 to the PLAN.

**REQUEST FOR PRODUCTION NO. 9.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of Laura A. Gens for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of Timothy Gens for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 11.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of ChemAcoustic Technologies, Inc. for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 12.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of The Technology Group, Inc. for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 13.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of LAURA DEMPSEY DESIGN for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 14.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of the person identified as "Eldest Daughter" on page 14 of the PLAN for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 15.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of the person identified as "2nd Eldest Daughter" on page 14 of the PLAN for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 16.**

All DOCUMENTS comprising federal and state income tax income tax returns that were filed by or on behalf of the person identified as "Son" on page 14 of the PLAN for tax years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 17.**

For each DEBTOR ACCOUNT that was in use between January 1, 2013 and the present, all DOCUMENTS comprising account statements for that time period.

**REQUEST FOR PRODUCTION NO. 18.**

For each ACCOUNT used or maintained by Timothy Gens between January 1, 2013 and the present, all DOCUMENTS comprising account statements for that time period.

**REQUEST FOR PRODUCTION NO. 19.**

For each ACCOUNT used or maintained by ChemAcoustic Technologies, Inc. between January 1, 2013 and the present, all DOCUMENTS comprising account statements for that time period.

**REQUEST FOR PRODUCTION NO. 20.**

For each ACCOUNT used or maintained by The Technology Group, Inc. between January 1, 2013 and the present, all DOCUMENTS comprising account statements for that time period.

**REQUEST FOR PRODUCTION NO. 21.**

For each ACCOUNT used or maintained by LAURA DEMPSEY DESIGN between January 1, 2013 and the present, all DOCUMENTS comprising account statements for that time period.

**REQUEST FOR PRODUCTION NO. 22.**

All DOCUMENTS that mention, reflect, relate to, or comprise a promise or commitment by any person or entity to furnish funds that will be used by YOU to make any of the payments described in the PLAN.

**REQUEST FOR PRODUCTION NO. 23.**

All DOCUMENTS that mention, reflect, relate to, or comprise a promise or commitment by any person or entity to furnish funds that will be used by YOU to pay any of the post-confirmation expenses described in the PLAN.

**REQUEST FOR PRODUCTION NO. 24.**

If YOU received funds from TIMOTHY, CHEMACOUSTIC, TECHNOLOGY GROUP, or LAURA DEMPSEY DESIGN between January 1, 2013 and the present, all DOCUMENTS that mention, reflect, or relate to YOUR receipt of funds.

**REQUEST FOR PRODUCTION NO. 25.**

If TIMOTHY, CHEMACOUSTIC, TECHNOLOGY GROUP, or LAURA DEMPSEY DESIGN paid any debt, obligation, or expense owed by Laura A. Gens to any person or entity

between January 1, 2013 and the present, all DOCUMENTS that mention, reflect, or relate to such payment, debt, obligation, or expense.

**REQUEST FOR PRODUCTION NO. 26.**

All DOCUMENTS that YOU referred to or relied on to prepare the MOR.

**REQUEST FOR PRODUCTION NO. 27.**

All DOCUMENTS that mention, reflect, or relate to any sale, donation, gift, or income that resulted in cash received by the DEBTOR from any source for the month ending January 31, 2016.

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS that mention, reflect, or relate to any sale, donation, gift, or income that resulted in cash received by the DEBTOR since the filing of the bankruptcy case to present.

**REQUEST FOR PRODUCTION NO. 29.**

All DOCUMENTS comprising the formation documents of LAURA DEMPSEY DESIGN, including, without limitation, any articles of incorporation, partnership agreement, operating agreement, by-laws or similar documents.

**REQUEST FOR PRODUCTION NO. 30.**

All DOCUMENTS comprising business licenses of LAURA DEMPSEY DESIGN.

**REQUEST FOR PRODUCTION NO. 31.**

All DOCUMENTS that support or relate to YOUR contention in footnote 18, page 15 of the PLAN, that "Laura Dempsey Design income is reported as 'donations' and hence not subject to income tax."

**REQUEST FOR PRODUCTION NO. 32.**

All DOCUMENTS comprising profit and loss statements for LAURA DEMPSEY DESIGN for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 33.**

All DOCUMENTS that show cash flow for LAURA DEMPSEY DESIGN for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 34.**

All DOCUMENTS comprising the general ledger of LAURA DEMPSEY DESIGN for the period January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 35.**

All DOCUMENTS comprising profit and loss statements for ChemAcoustic Technologies, Inc. for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 36.**

All DOCUMENTS that show cash flow for ChemAcoustic Technologies, Inc. for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 37.**

All DOCUMENTS comprising the general ledger of ChemAcoustic Technologies, Inc. for the period January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 38.**

All DOCUMENTS comprising profit and loss statements for The Technology Group, Inc. for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 39.**

All DOCUMENTS that show cash flow for The Technology Group, Inc. for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 40.**

All DOCUMENTS comprising the general ledger of The Technology Group, Inc. for the period January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 41.**

All DOCUMENTS comprising IRS Forms W-2, 1099, or K-1 for the years 2012, 2013, 2014, and 2015 issued to the "non-filing spouse" identified on page 14 of the PLAN.

**REQUEST FOR PRODUCTION NO. 42.**

All DOCUMENTS comprising IRS Forms W-2, 1099, or K-1 for the years 2012, 2013, 2014, and 2015 issued to any business owned or operated by the "non-filing spouse" identified on page 14 of the PLAN.

**REQUEST FOR PRODUCTION NO. 43.**

If any portion of the "non-filing spouse's" monthly contribution of $48,533.33 (as disclosed on page 14 of the PLAN) were wages from a business, all DOCUMENTS comprising profit and loss statements for each such business for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 44.**

If any portion of the "non-filing spouse's" monthly contribution of $48,533.33 (as disclosed on page 14 of the PLAN) were wages from a business, all DOCUMENTS showing cash flow of each such business for the years 2012, 2013, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 45.**

If any portion of the "non-filing spouse['s]" monthly contribution of $48,533.33 (as disclosed on page 14 of the PLAN) were wages from a business, all DOCUMENTS comprising the general ledger of each such business for the period January `1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 46.**

Unredacted copies of all documents attached to the T. GENS DECLARATION.

**REQUEST FOR PRODUCTION NO. 47.**

All DOCUMENTS comprising account statements for any credit card or charge card in the name of Laura A. Gens or used by her since the filing of this bankruptcy case.

**REQUEST FOR PRODUCTION NO. 48.**

All DOCUMENTS comprising bills for services provided to the PROPERTY between November 1, 2015 and the present, including, without limitation, for electricity, water, gas, telephone, internet, satellite, cable, maintenance, gardening, repair, and waste disposal.

**REQUEST FOR PRODUCTION NO. 49.**

All DOCUMENTS that YOU intend to offer into evidence or submit to the Court to show the amount in arrears on the LOAN.

**REQUEST FOR PRODUCTION NO. 50.**

All DOCUMENTS that YOU intend to offer into evidence or submit to the Court to disprove WELLS FARGO'S calculation of the amount in arrears on the LOAN.

**REQUEST FOR PRODUCTION NO. 51.**

All DOCUMENTS that mention, reflect, or relate to payments or other amounts YOU contend WELLS FARGO failed to credit against the amounts YOU owe on the LOAN (e.g., as stated in footnote 1 of page 2 of the PLAN).

**REQUEST FOR PRODUCTION NO. 52.**

All DOCUMENTS that mention, reflect, or relate to amounts that YOU contend WELLS FARGO failed to credit for real estate taxes owed (e.g., as stated in footnote 1 of page 2 of the PLAN).

**REQUEST FOR PRODUCTION NO. 53.**

All DOCUMENTS that mention, reflect, or relate to amounts that YOU contend WELLS FARGO failed to credit for suspense payments (e.g., as stated in footnote 1 of page 2 of the PLAN).

**REQUEST FOR PRODUCTION NO. 54.**

To the extent not covered by the foregoing requests, all DOCUMENTS that mention, reflect, or relate to amounts of any kind that YOU contend WELLS FARGO failed to credit against the arrearage on the LOAN.

**REQUEST FOR PRODUCTION NO. 55.**

All DOCUMENTS that mention, reflect, or relate to payments that were tendered or paid to WELLS FARGO to satisfy the monthly payment obligations under the LOAN (including, without limitation, check registers, cancelled checks, receipts, wire transfer requests and confirmations, ACH requests and confirmations, and transfers of funds).

**REQUEST FOR PRODUCTION NO. 56.**

All DOCUMENTS that mention, reflect, or relate to payments, from any source, of property taxes owing for the PROPERTY during the life of the LOAN.

**REQUEST FOR PRODUCTION NO. 57.**

All DOCUMENTS that mention, reflect, or relate to payments, from any source, of premiums for hazard insurance covering the PROPERTY during the life of the LOAN.

Case: 15-52562 Doc# 106 Filed: 08/15/16 Entered: 08/15/16 12:03:45 Page 31 of 36

**REQUEST FOR PRODUCTION NO. 58.**

All DOCUMENTS that mention, reflect, relate to or comprise policies of hazard insurance covering the PROPERTY during the life of the LOAN.

**REQUEST FOR PRODUCTION NO. 59.**

All DOCUMENTS that mention, reflect, relate to or comprise communications between the DEBTOR and TIMOTHY, TECHNOLOGY GROUP, or CHEMACOUSTIC concerning the income or expense items disclosed in Exhibit 3 of the PLAN. (Without limitation, this request includes e-mails from Laura A. Gens or her counsel, on the one hand, and Timothy Gens, on the other hand).

**REQUEST FOR PRODUCTION NO. 60.**

All DOCUMENTS that mention, reflect, relate to or comprise communications between the DEBTOR and TIMOTHY, TECHNOLOGY GROUP, or CHEMACOUSTIC concerning Timothy Gens' contribution of amounts that are part of Laura A. Gens' claimed "Total Monthly Income" of $64,894.44 on Exhibit 3 of the PLAN. (Without limitation, this request includes e-mails from Laura A. Gens or her counsel, on the one hand, and Timothy Gens, on the other hand).

**REQUEST FOR PRODUCTION NO. 61.**

All DOCUMENTS that mention, reflect, relate to or comprise communications between the DEBTOR and anyone else concerning the disputed "balance in arrears" described in footnote 1 of the PLAN. (Without limitation, this request includes e-mails from Laura A. Gens or her counsel, on the one hand, and Timothy Gens, on the other hand).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Case: 15-52562 Doc# 106 Filed: 08/15/16 Entered: 08/15/16 12:03:45 Page 32 of 36

**REQUEST FOR PRODUCTION NO. 62.**

If YOU dispute any amount set forth on the CLAIM, all DOCUMENTS that mention, evidence, or reflect facts that support or relate to YOUR contention.

Dated: March 8, 2016

Respectfully submitted,

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: ______________________

Dean G. Rallis Jr.
drallis@afrct.com
Attorneys for Creditor
WELLS FARGO BANK, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEBTOR, LAURA A. GENS (SET 1)**

on the interested parties in said case as follows:

☒ **BY OVERNIGHT MAIL SERVICE:** I am readily familiar with the firm's practice of collection and processing of correspondence by Norco Delivery Services. Under that same practice it would be deposited on that same day in an Norco Delivery Services collection receptacle at Pasadena, California, with instructions to bill sender on the label.

**THE FULLER LAW FIRM, P.C.**
**Lars T. Fuller**
**Sam Taherian**
**Joyce K. Lau**
**60 No.Keeble Ave.**
**San Jose, CA 95126**
**Telephone: (408)295-5595**
**Facsimile: (408) 295-9852**

*Counsel for the Debtor, Laura A. Gens*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on March 8, 2016.

Malinda Sinclair
(Type or Print Name)

[signature]
(Signature of Declarant)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## CERTIFICATE OF SERVICE

On the date below, I served the within following document(s) entitled:

**WELLS FARGO'S OBJECTION TO DEBTOR'S NOTICES OF HEARING ON OBJECTIONS TO PROOFS OF CLAIM AND DEBTOR'S EX PARTE APPLICATION TO MODIFY ORDER APPROVING THIRD STIPULATION; DECLARATION OF DEAN G. RALLIS JR. IN SUPPORT THEREOF**

on all interested parties in said case addressed as follows:

***Served Electronically By The Court's CM/ECF System:***

*SEE ATTACHED ELECTRONIC SERVICE LIST*

______________________

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on **August 15, 2016**, in Pasadena, California.

| Yvonne L. Blum | */s/ Yvonne L. Blum* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

## ELECTRONIC SERVICE LIST

***Attorneys for Debtor***

Lars T. Fuller, Esq.
Saman Taherian, Esq.
THE FULLER LAW FIRM
60 N. Keeble Avenue
San Jose, CA 95126
Fullerlawfirmecf@aol.com

***Attorneys for U.S. Trustee***

Lynette C. Kelly, Esq.
U.S. OFFICE OF THE U.S. TRUSTEE
1301 Clay Street
Oakland, CA 94612
(510) 637-3210
lynette.c.kelly@usdoj.gov
ustpregion17.oa.ecf@usdoj.gov

***Office of the U.S. Trustee***

U.S. Trustee
OFFICE OF THE U.S. TRUSTEE / SJ
U.S. Federal Building
280 S. 1st St., Suite 268
San Jose, CA 95113-3004
USTPRegion17.SJ.ECF@usdoj.gov

***Attorneys for Creditor***
***Colonial Savings, F.A.***

Daniel K. Fujimoto, Esq.
Mark T. Domeyer, Esq.
WOLF FIRM
2955 Main St., 2nd Floor
Irvine, CA 92614
wdk@wolffirm.com
mark.domeyer@wolffirm.com