United States Bankruptcy Court
Northern District of California

In re:                                                     Case No. 15-53562-SLJ
                                                                  Chapter 11

LAURA A. GENS

_____/

## [PROPOSED] COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED Nov. 4, 2016

**INTRODUCTION**

     This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

     Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 100% of their allowed claims in monthly payments over 60 months. Taxes and other priority claims would be paid in full, as shown in Part 3.

     Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time].

     Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan.

     Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney

to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**Property to be Surrendered.**

None;

**Creditors' Rights Remain Unchanged.**

None;

**Debtor to Make Regular Payments and Pay Arrears Over Time.**

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|
| 1 | Wells Fargo Home Mortgage | Residence at 4141 Old Trace Road, Palo Alto, CA 94306 | 7,382.31[1] | 1,150,914[2] | 0[3] | 9,590.95 |

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by

---

[1] This payment may vary from time to time in accordance with the terms of the note.
[2] Constitutes the sum of POC No 5 in the amount of $662,441.80 for arrears and POC No. 6 for $488,472.20 for WFB attorney fees. Debtor disputes the mortgage arrears on the mortgage arrears and disputes that the attorney fees were reasonable or necessary.
[3] The note and trust deed is silent as to whether interest accrues on arrearages.

Individual Chapter 11
Combined Plan & Disclosure Statement  (Version: 7/30/12)
July 30, 2012  -2-

paying the allowed claim as to all pre-confirmation arrears (including attorneys' fees and late charges) without interest in 120 equal monthly payments, due the 1st day of the month, starting the month after the Effective Date of the plan on the above secured claims.  The treatment of the Class 1 claim in no way modifies the loan other than to cure the arrearages. To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments. Unless the lender elects an escrow impound, Debtor shall keep the property insured and pay property taxes before the delinquent date. Creditors in these classes shall retain their interest in the collateral until paid in full.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

**Debtor to Strip Lien to Value of Collateral and Pay Over Time.**

None;

**Debtor to Strip Off Lien.**

None

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| 2 | SCC Tax Collector | 4141 Old Trace Rd. Palo Alto, CA 94306 | 213,949.31 | 18.00 | 6,572.45 | 45 mo. |

Debtor will pay the entire amount contractually due with interest through 45 equal monthly payments, due the 1st day of the month, starting the month after the Effective Date on the above secured claims.  Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge.  The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

**Property to be Sold.**

None

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 4. General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Office of the U.S. Trustee | 2,853.47 | N | 2,900.40 | 48.34 |
| Law Offices of Stanley Zlotoff | 20,000.00 | N | 20,326.80 | 338.78 |
| Capital One | 381.15 | N | 387.60 | 6.46 |
| Protax LLC | 3,000.00 | N | 3,049.20 | 50.82 |
| Stanford Energy | 4,000.00 | N | 4,065.60 | 67.76 |
| FTB | 5793.15 | Y | 33,323.40 | 555.39 |
| | | | | |
| **Total** | **36,027.77** | | **64053** | **1,067.55** |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

> **Percent Plan.** Creditors will receive 100% percent of their allowed claim together with interest at 0.64% per annum in 60 equal monthly installments, due on the 1st day of the month, starting the month after the Effective Date of the Plan.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a) <u>Professional Fees</u>.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| The Fuller Law Firm, P.C. | 25,000[4] |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| None | |
| | |

(c) <u>Tax Claims</u>. Debtor will pay allowed claims entitled to

---

[4] Inclusive of $15,299.96 in fees approved by the Court on Aug. 22, 2016

Individual Chapter 11
Combined Plan & Disclosure Statement         (Version: 7/30/12)
July 30, 2012                      -5-
Case: 15-53562   Doc# 114   Filed: 11/08/16   Entered: 11/08/16 17:35:14   Page 5 of 16

priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made monthly, due on the 1st day of the month, starting the month after the Effective Date of the Plan. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| FTB | 23,172.57[5] | 4% | 555.39 | 45 |
|  |  |  |  |  |
| **TOTAL** | **23,172.57** |  | **555.39** | **45** |

**PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
(a) Executory Contracts/Unexpired Leases Assumed.

    None

(b) Executory Contracts/Unexpired Leases Rejected.

    None

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**
(a) Discharge. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) Vesting of Property. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in

---

[5] Disputed. Debtor will file returns and believes tax liability is zero.

Individual Chapter 11
Combined Plan & Disclosure Statement  (Version: 7/30/12)
July 30, 2012                         -6-
Case: 15-53562   Doc# 114   Filed: 11/08/16   Entered: 11/08/16 17:35:14   Page 6 of 16

this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**
(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the

Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>.  The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the

confirmation order is in effect, provided that the confirmation order has not been vacated.

(b)  Disputed Claim Reserve.  Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim.  Any funds no longer needed in reserve shall be returned to Debtor.

(c)  Cramdown.  Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d)  Severability.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e)  Governing Law.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f)  Lawsuits.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

None


(g)  Notices.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Laura Gens
4141 Old Trace Road
Palo Alto, CA 94306


(h)  Post-Confirmation United States Trustee Fees.  Following

Individual Chapter 11
Combined Plan & Disclosure Statement                               (Version: 7/30/12)
July 30, 2012                       -9-

confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) <u>Deadline for § 1111(b) Election</u>.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated:      Nov. 4, 2016

                                              /s/ Laura Gens_____
                                              Debtor


Dated       Nov. 4,, 2016

                                              /s/ Lars T. Fuller_____
                                              Attorney for Debtor

**Attorney Certification**

I, Lars T. Fuller, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Page 3, inserted language that only the allowed claim of the Wells Fargo Home Mortgage arrears will be paid. Also inserted language that other than curing arrears, there is no attempt to modify the WFB loan.

Page 3 proposes to pay the arrearages without interest.

Deleted reference to Exhibit "5" on Page 1 and deleted Exhibit "5".

Exhibit 3: Created subcategories of income and subcategories of expenses and indicated basis for figures in footnotes.

I declare that the foregoing is true and correct.

Executed this 4th day of November 2016

/s/Lars T. Fuller

Attorney for Debtor

**Exhibit 1 - Events That Led To Bankruptcy**

     Colonial Savings proceeded to judicial foreclosure on debtor's real property in Wisconsin. A Sheriff's sale was set. The herein case was filed primarily to stay the Sheriff's sale to allow debtor to secure private financing to pay Colonial Savings the entire amount of its allowed secured claim and to cure the arrears on debtor's real property in Palo Alto, CA.

     Debtor promptly moved to extend the automatic stay. The Court did not extend the stay. On Jan. 15, 2016, Debtor and Timothy Gens, her non filing spouse, as plaintiffs pro se, sought a stay of the Sheriff's from the Wisconsin State Court or in the alternative an extension of the redemption period. The Property proceeded to Sheriff's sale on Jan. 21, 2016.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: Residence at 4141 Old Trace Rd. Palo Alto, CA 94306

| Fair Market Value | Liens | Cost of Sale (6%) | Resulting Income Tax | Amt. of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 4,294,727[6] | 1st SCC Tax 213,949.31 | $257,683.62 | 640,000[7] | 100,000 | 458,092.56 |
| | 2nd WF Hm Mtg. 2,625,001.51 | | | | |
| | 3rd | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | 7,100.03 | 0 | 7,100.03 | 0 |
| Automobile #1: '96 Mazda MPV | 267 | 0 | 267.00 | 0 |
| Automobile #2: '95 Toyota Camry | 504 | 0 | 504.00 | 0 |
| Household Furnishings | 10,000 | 0 | 10,000 | 0 |
| Jewelry | 4,000.00 | 0 | 4,000.00 | 0 |
| Paintings | 65,000 | 0 | | 65,000 |
| Stocks / Investments | 3,100 | 0 | | 3,100 |
| Other Personal Property | 1,000 | 0 | 1,000.00 | 0 |
| TOTAL | | | | 68,100 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | 526,192.56 |
| Chapter 7 Administrative Claims [SUBTRACT] | 0 |
| Chapter 11 Administrative Claims [SUBTRACT] | 0 |

---

[6] Value per Zillow.com on Nov. 3, 2016
[7] Estimated based on value less purchase price less $500,000 exclusion at a 40% marginal tax rate

| | | |
|---|---|---|
| Priority Claims | [SUBTRACT] | 0 |
| Chapter 7 Trustee Fees | [SUBTRACT] | 29,559.63 |
| Chapter 7 Trustee's Professionals | [SUBTRACT] | 50,000[8] |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | | 446,632.87 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | 36,027 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100% + interest at 0.64% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100% + interest at 0.64% |

**Exhibit 3 - Monthly Income and Expenses**

| **Income** | Amount |
|---|---|
| Gross Employment Income (Starbucks) | 861.11[9] |
| Gross Business Income (Laura Dempsey Design) | 15,500.50 |
| Minimum Non-filing spouse contribution | 10,000[10] |
| Children's Support<br>    Eldest Daughter                    2,000[11]<br>    2nd Eldest Daughter           2,000[12]<br>    Son                                    2,000[13]<br>Subtotal                           $6,000.00 | $6,000 |
| **A. Total Monthly Income** | 32,361 |

| **Expenses**<br>Includes Plan Payments on Secured Claims for Residence | Amount |
|---|---|
| | |

---

[8] Estimated fees to prosecute case against Colonial Savings.
[9] 2015 Gross Income was $14,156;
[10] Based on consulting agreement dated Oct 15, 2015. Average Income for the period Jan. 2016-August 2016 was $31,387.50/mo. Non filing spouse is to produce evidence of $90,000 in liquid bank funds earmarked to fund ongoing plan payments to be transferred to debtor's possession as a condition of confirmation of the plan.
[11] This daughter has a Bio/Chemistry degree and works for Sephora. She can, if necessary contribute up to $2,000/month and will execute a declaration in support of confirmation.
[12] This 2nd eldest daughter works for Palo Alto Unified School District as a Special Education Aide. She can contribute, if necessary, $2,000/mo. to fund any shortfall in the Plan. She will execute a declaration in support of confirmation.
[13] Debtor's son holds technical degrees and is a computer engineer. He can contribute $2,000/month if necessary to fund the plan. He will execute a declaration in support of confirmation.

Individual Chapter 11
Combined Plan & Disclosure Statement                                      (Version: 7/30/12)
July 30, 2012
-14-
Case: 15-53562   Doc# 114   Filed: 11/08/16   Entered: 11/08/16 17:35:14   Page 14 of 16

| | |
|---|---|
| Shelter Expenses<br><br>   Regular payments to WFB                               $7,382.31[14]<br>   Insurance                                                  $   112.50[15]<br>   Property taxes                                            $2,552.18[16]<br>   City of Palo Alto Utilities (Gas, Elec. & water) $   155.94[17]<br><br>(Total Arrearages on Principal Residence are $585,052) | 10,202.93 |
| Household Expenses (food) | 470.00 |
| Transportation Expenses (insurance, fuel)<br>   Car insurance                                            93.46[18]<br>   Fuel (estimated)                                       300.00<br>   Auto maintenance and repairs (estimated)     100.00 | 493.46 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical)<br>    Recreation                                                  200.00<br>    Clothing                                                        100.00<br>    Personal Care                                            120.00<br>    Telephone                                                   120.00<br>    Medical and Dental                                   50.00 | 590.00 |
| Debtor's business expenses | 1,032.91 |
| **B. Total Monthly Expenses** | 12,789.30 |

| | |
|---|---|
| **C. Disposable Income** (Line A – Line B) | 19,571.70 |

| **Plan Payments**<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | 0 |
| Priority Claims | 555.39 |
| Class 1-WFB arrears | 9,590.95 |
| Class 2 – SCC Tax Collector arrears | 6,572.45 |
| General Unsecured Creditors | 1,067.55 |
| **D. Total Plan Payments** | |
| | 17,786.34 |

| | |
|---|---|
| **E. Plan Feasibility** (Line C – Line D)<br>(Not feasible if less than zero) | 1,785.36 |

---

[14] Based on WFB Statement dated Feb. 1, 2016
[15] Based on Allied Ins policy Certificate of Ins for period 1-7-2016 to 1-7-2017
[16] Based on Santa Clara Co. Property tax bill for 2015-2016 tax year for $15,313.12/6 months
[17] Based on average of 5 utility bills in 2015
[18] Based on Mercury Insurance Statement for period 12-2-2015—6-2-2016

Individual Chapter 11
Combined Plan & Disclosure Statement                           (Version: 7/30/12)
July 30, 2012
-15-
Case: 15-53562   Doc# 114   Filed: 11/08/16   Entered: 11/08/16 17:35:14   Page 15 of 16

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date |  | 55,000 |
| Payments on Effective Date |  |  |
| Unclassified Claims | 0 |  |
| Administrative Expense Claims | 25,000 |  |
| Priority Claims |  |  |
| Small Claims (Class 2(a)) |  |  |
| U.S. Trustee Fees | 625 |  |
| B. Total Payments on Effective Date |  | 25,625 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) |  | 29,375 |