Dean G. Rallis Jr. (# 94266)
  drallis@afrct.com
Matthew D. Pham (# 287704)
  mpham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
301 N. Lake Ave., Suite 1100
Pasadena, California 91101-4158
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for WELLS FARGO BANK, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings Bank, FSB

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>LAURA A. GENS,<br><br>Debtor. | Case No.: 15-53562-SLJ<br><br>Chapter 11<br><br>**DECLARATION OF ALAN KESSLER REGARDING WELLS FARGO'S EX PARTE ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Date:   [No Hearing Requested]<br>Time:<br>Crtrm:  3099<br>         280 South First Street<br>         San Jose, California 95113 |

I, Alan Kessler, declare as follows:

1.     I am a director of asset services at Global Technology Transfer Group, Inc. ("GTT Group"). I am also an attorney at law licensed to practice in the state of California. I am an authorized representative of GTT Group, with full authority to make the representations and statements contained herein on behalf of GTT Group.

2.     I have reviewed the *Ex Parte Administrative Motion to File Under Seal* (the "Motion") drafted by Wells Fargo Bank, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, which was formerly known as World Savings Bank, FSB ("Wells Fargo"), secured creditor of Laura A. Gens, the debtor and

debtor in possession in the above-captioned chapter 11 case (the "Debtor"). Wells Fargo's Motion requests that it be permitted to file under seal my declaration in support of Wells Fargo's forthcoming motion to dismiss or convert the above-captioned chapter 11 case. Specifically, Wells Fargo has listed the following content from my declaration as having been previously designated by GTT Group as confidential under the *Stipulated Protective Order*:

| Location | Content |
| --- | --- |
| Kessler Decl. ¶ 7 (page 3, line 18) | Amount of Timothy Gens's hourly rate under the original consulting agreement between GTT Group and Mr. Gens (the "Consulting Agreement") |
| Kessler Decl. ¶ 8 (page 3, line 25) | Amount of Mr. Gens's maximum availability fee under the addendum to the Consulting Agreement between GTT Group and Mr. Gens (the "True Addendum") |
| Kessler Decl. ¶ 8 (page 3, line 26) | Amount of Mr. Gens's hourly rate for calculating the availability fee under the True Addendum |
| Kessler Decl. ¶ 8 (page 3, line 26) | Amount of Mr. Gens's paid hours for calculating the availability fee under the True Addendum |
| Kessler Decl. ¶ 14 (page 5, line 3) | Amount of GTT Group's final check to Mr. Gens as payment in full |
| Kessler Decl. ¶ 14 (page 5, line 3) | Amount of Mr. Gens's outstanding balance as the time of the issuance of the final check |
| Kessler Decl. ¶ 25 (page 8, line 4) | Amount of Mr. Gens's maximum availability fee under the True Addendum |
| Kessler Decl. ¶ 25 (page 8, line 4) | Amount of Mr. Gens's hourly rate for calculating the availability fee under the True Addendum |
| Kessler Decl. ¶ 26 (page 8, line 15) | Amount of Mr. Gens's maximum availability fee under the True Addendum |
| Kessler Decl. ¶ 26 (page 8, line 15) | Amount of Mr. Gens's hourly rate for calculating the availability fee under the True Addendum |
| Kessler Decl. Exhibit 1 | Consulting Agreement |
| Kessler Decl. Exhibit 2 | True Addendum |
| Kessler Decl. Exhibit 5 | True Addendum in the Pixelmator software |
| Kessler Decl. Exhibit 8 | The addendum attached as an exhibit to Mr. Gens's declaration filed in the prior bankruptcy case overlaid on top of the True Addendum in the Pixelmator software |
| Kessler Decl. Exhibit 9 | The addendum attached as an exhibit to Mr. Gens's declaration filed in the present bankruptcy case overlaid on top of the True Addendum in the Pixelmator software |

3.      GTT Group desires for the above-identified portions of and exhibits to my declaration to be filed under seal in order to protect GTT Group's sensitive business information, specifically its compensation arrangements with its independent contractors. GTT Group provides a competitive hourly rate to its independent contractors that it wishes to remain confidential in order to protect GTT Group's ability to recruit potential and retain existing

independent contractors. GTT Group does not wish for one of its competitors to obtain access to GTT Group's compensation arrangements, which could be used to lure existing or potential independent contractors away from GTT Group by offering them a slightly better compensation package.

4. As Mr. Gens's compensation is only partially relevant to issues in the above-captioned chapter 11 case, there is limited harm in allowing such information to be filed under seal. The conversion or dismissal of this case is likely not to turn on how much GTT Group has paid Mr. Gens in the past.

5. Further, the Debtor, who is the party most likely to want access to the proposed redacted information, already has that access as her counsel is the other party to the Stipulated Protective Order and has been provided with GTT Group's document production and appeared at my deposition. The Debtor would suffer no harm if portions of my declaration were filed under seal.

6. Lastly, in order to limit the amount of content that should be filed under seal, GTT Group has already provided written authorization to Wells Fargo that permits Wells Fargo to file the remainder of my declaration on the public docket despite such information having only been disclosed during my deposition (which had been designated as confidential in its entirety).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 14, 2016, at Portland, Oregon.

Alan Kessler

1  independent contractors. GTT Group does not wish for one of its competitors to obtain access to
2  GTT Group's compensation arrangements, which could be used to lure existing or potential
3  independent contractors away from GTT Group by offering them a slightly better compensation
4  package.

5    4.    As Mr. Gens's compensation is only partially relevant to issues in the above-
6  captioned chapter 11 case, there is limited harm in allowing such information to be filed under
7  seal. The conversion or dismissal of this case is likely not to turn on how much GTT Group has
8  paid Mr. Gens in the past.

9    5.    Further, the Debtor, who is the party most likely to want access to the proposed
10 redacted information, already has that access as her counsel is the other party to the Stipulated
11 Protective Order and has been provided with GTT Group's document production and appeared at
12 my deposition. The Debtor would suffer no harm if portions of my declaration were filed under
13 seal.

14    6.    Lastly, in order to limit the amount of content that should be filed under seal,
15 GTT Group has already provided written authorization to Wells Fargo that permits Wells Fargo
16 to file the remainder of my declaration on the public docket despite such information having only
17 been disclosed during my deposition (which had been designated as confidential in its entirety).

18 I declare under penalty of perjury that the foregoing is true and correct and that this
19 declaration was executed on November 14, 2016, at Portland, Oregon.

_____ 11/14/16
Alan Kessler