Dean G. Rallis Jr. (# 94266)
  drallis@afrct.com
Matthew D. Pham (# 287704)
  mpham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
301 N. Lake Ave., Suite 1100
Pasadena, California 91101-4158
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings Bank, FSB

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

In re

LAURA A. GENS,

    Debtor.

Case No.: 5:15-bk-53562-SLJ

Chapter 7

**WELLS FARGO'S OPPOSITION TO DEBTOR'S MOTION FOR STAY PENDING APPEAL**

Date: September 12, 2018
Time: 2:00 p.m.
Place: 280 South First Street
      Courtroom 3099
      San Jose, California 95113

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Secured creditor Wells Fargo Bank, N.A., as successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, which was formerly known as World Savings Bank, FSB ("Wells Fargo"), hereby respectfully submits its opposition (the "Opposition") to the debtor Laura Gens's (the "Debtor") motion for stay pending appeal (the "Stay Motion" or "Motion"), at docket no. 527, of the Court's *Order Approving Motion for Authority to Enter Into Agreement Authorizing Distribution of Sale Proceeds* (the "Distribution Order" or "Order") entered on July 19, 2018, at docket no. 503.

1. PRELIMINARY STATEMENT

After waiting more than a month after entry of the Distribution Order, the Debtor has finally chosen to file her Stay Motion. Given the substantial delay in filing, one would expect the Debtor to have put forward a thoroughly researched, well-reasoned motion, but the Motion is anything but. Instead, the Debtor presents a motion that is not supported by any evidence, that regurgitates the general legal standard while offering only one-sentence analysis or argument, and that even copies and pastes wholly inapplicable language from her prior failed stay motions. See Mem. P. & A. Supp. Debtor's Stay Mot. 3:16–18 ("Laura Gens . . . will most definitely suffer immediate, irreparable injury if a stay of the conversion order or an injunction of the sale of her home is not entered, because both of these will moot her appeal."). Clearly, the Debtor is nowhere close to meeting her burden on any of the four relevant stay factors. Accordingly, the Stay Motion must be denied.

2. ARGUMENT

   2.1. **Stays Pending Appeal.**

A stay pending appeal is an exercise of judicial discretion that is dependent upon the circumstances of the particular case. Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing Nken v. Holder, 556 U.S. 418, 433 (2009)). That discretion is guided by an analysis of four factors: (1) whether the party requesting the stay has made a strong showing that it is likely to succeed on the merits; (2) whether the requesting party will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. (citing Nken, 556 U.S. at 434; Hilton v.

Braunskill, 481 U.S. 770, 776 (1987)); accord Wymer v. Wymer (In re Wymer), 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980) (reciting similar four-factor test in bankruptcy context).

Although the test is not elemental, the first two factors—likelihood of success on the merits and irreparable harm—are considered to be the most critical. Lair, 697 F.3d at 1204 (citing Nken, 556 U.S. at 434). And if the requesting party does not satisfy the second factor, "then a stay may not issue, regardless of [such party's] proof regarding the other stay factors." Leiva-Perez v. Holder, 640 F.3d 962, 965 (9th Cir. 2011) (per curiam).

In the end, the requesting party bears the burden of establishing that the circumstances justify the court's exercise of discretion. Lair, 697 F.3d at 1203. Nevertheless, the court's power to grant a stay "should be sparingly employed and reserved for the exceptional situation." Wymer, 5 B.R. at 806.

Here, the Debtor has failed to meet her burden on the four relevant factors to justify the Court issuing a stay pending appeal in her favor.

### 2.2. The Debtor Has No Likelihood of Success on Appeal.

The first of the four factors is whether the party requesting the stay has made a strong showing that it is likely to succeed on the merits. Lair, 697 F.3d at 1203. For this factor, the Supreme Court has only instructed that it is not enough that the likelihood of success on the merits is "better than negligible" or that there is a "mere possibility of relief." Nken, 556 U.S. at 434 (internal quotation marks omitted). Due to this lack of specificity, lower courts have utilized different formulations for the first factor, such as "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions raised," but the Ninth Circuit has determined that these formulations are fundamentally interchangeable. See Leiva-Perez, 640 F.3d at 967–68. In the end, the formulations indicate that the requesting party "must show, at a minimum, that she has a substantial case for relief on the merits." Id. at 968 (emphasis added).

Here, the Debtor has entirely failed to show how she is likely to succeed on the merits in her appeal. Most notably, she argues that both bankruptcy and nonbankruptcy law clearly prevents the treatment provided to Wells Fargo under the distribution agreement approved in the Distribution Order. See Mem. P. & A. Supp. Debtor's Stay Mot. 4:17–19 ("It is clear that Wells

1  Fargo cannot do this under state law if it forecloses. It is also clear under the bankruptcy code
2  that if Wells Fargo was paid from the sale proceeds it would also not be entitled to retain its
3  lien."). Yet, despite how supposedly clear the law is on this issue, the Stay Motion fails to cite to
4  that authority. As a result, the Motion can be reduced to nothing more than the Debtor
5  complaining that "Wells Fargo can't do that." Unfortunately for her, such an unsupported
6  complaint does not equate to a showing of the likelihood of success on appeal.

### 2.3. The Debtor Has Not Identified an Irreparable Harm If the Stay Is Denied.

The second stay factor considers whether the party requesting the stay will be irreparably injured absent a stay. Lair, 697 F.3d at 1203. This requires showing more than "some possibility of irreparable injury." Nken, 556 U.S. at 434 (internal quotation marks omitted). Rather, this factor calls for determining whether "there is a probability of irreparable injury if the stay is not granted," with the focus on the "individualized nature of irreparable harm." Lair, 697 F.3d at 1214. And as previously mentioned, "a proper showing regarding irreparable harm [is] a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." Leiva-Perez, 640 F.3d at 965.

On this second factor, the Debtor contends that if the Distribution Order is not stayed (or if any sale proceeds are distributed to Wells Fargo), her appeal of the Order will become moot. For support, she cites a single decision from a court outside of the Ninth Circuit for the proposition that the risk of an appeal becoming moot will constitute irreparable harm. But the Debtor fails to cite any case law on this issue from within this circuit. If she had, she would have realized that "[t]he law is clear in the Ninth Circuit that 'irreparable injury cannot be shown solely from the possibility that an appeal may be moot.'" In re Red Mountain Mach. Co., 451 B.R. 897, 908–09 (Bankr. D. Ariz. 2011) (quoting Acton v. Fullmer (In re Fullmer), 323 B.R. 287, 304 (Bankr. D. Nev. 2005) (collecting cases))); see also Fireman's Fund Ins. Co. v. Plant Insulation Co. (In re Plant Insulation Co.), 485 B.R. 203, 237–38 (N.D. Cal. 2012); Ohanian v. Irwin (In re Irwin), 338 B.R. 839, 853 (E.D. Cal. 2006). As the Debtor has presented no argument for why this Court should deviate from the position taken by other courts within this circuit, she cannot claim that her appeal becoming moot constitutes an irreparable injury.

1     Having failed to show any other injury from the lack of a stay, the Debtor has not met her burden on the second stay factor, requiring the denial of the Motion.

### 2.4. The Debtor Fails to Consider the Substantial Harm Suffered by Parties Other than Wells Fargo.

"Once [the party requesting the stay] satisfies the first two factors, the traditional inquiry calls for assessing the harm to the opposing party and weighing the public interest," which are the third and fourth stay factors, respectively. Nken, 566 U.S. at 435. When evaluating the third stay factor, a court specifically considers "whether issuance of the stay will substantially injure the other parties interested in the proceeding." Lair, 697 F.3d at 1203.

While the Stay Motion focuses on the harm suffered by Wells Fargo from the issuance of a stay, the Debtor fails to acknowledge the harm suffered by other interested parties. With the Distribution Order allowing for Wells Fargo's subordination of its lien against the remaining sale proceeds for up to $500,000 in the estate's chapter 7 administrative expenses, the stay of the Order effectively ties up the chapter 7 trustee's ability to make interim distributions to estate professionals and other holders of administrative claims. Despite the Court having already approved fees and costs on an interim basis totaling $250,000, the estate professionals, some of which have been employed by the estate since the conversion of this case 20 months ago, must continue to wait to be paid if the Distribution Order is stayed. The Debtor's disregard of these other interested parties affected by the stay shows that she has failed to satisfy her burden on the third stay factor.

### 2.5. The Public Interest Favors Denying a Stay Pending Appeal.

The fourth and final stay factor calls for determining where the public interest lies. Lair, 697 F.3d at 1203.

While the Debtor argues that there is no public interest at stake, she fails to acknowledge that "[t]here is a great public interest in the efficient administration of the bankruptcy system." Adelson v. Smith (In re Smith), 397 B.R. 134, 138 (Bankr. D. Nev. 2008) (denying stay motion). Indeed, there is a "legitimate public interest in seeing the bankruptcy process not just run its course but to do so with due speed." In re Frantz, 534 B.R. 378, 390 (Bankr. D. Idaho 2015)

(denying debtors' stay motion).

The Debtor's Motion represents yet another attempt at delaying and interfering with the trustee's administration of the bankruptcy estate. Despite the Debtor's litigation, the trustee has successfully liquidated the major asset of the estate and has been prepared to distribute the sale proceeds accordingly. But such distribution, an otherwise straightforward process in an ordinary bankruptcy case, has been thwarted by the Debtor's continued obstruction. Thus, granting a stay pending appeal at this time is the equivalent of rewarding the Debtor for her bad faith and punishing the trustee for performing her statutory duties. As a result, there is no question that the public interest lies in denying the Debtor's requested stay.

3. CONCLUSION

**WHEREFORE**, Wells Fargo respectfully requests that the Court enter an order:

1. Sustaining Wells Fargo's Opposition;

2. Denying the Debtor's Motion;

3. Denying the issuance of any stay or injunction that has the effect of staying the Distribution Order or otherwise enjoining the distribution of the sale proceeds authorized under such Order; and

4. Providing for such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

Dated: September 5, 2018  ANGLIN, FLEWELLING, RASMUSSEN,
                          CAMPBELL & TRYTTEN LLP

By:   /s/ Dean G. Rallis Jr.
       Dean G. Rallis Jr.

Attorneys for WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Avenue, Suite 1100, Pasadena, California 91101.

On the date below, I served the within following document(s) entitled:

**WELLS FARGO'S OPPOSITION TO DEBTOR'S MOTION FOR STAY PENDING APPEAL**

on all interested parties in said case addressed as follows:

*Served Electronically Via The Court's CM/ECF System*

| *Attorneys for Debtor Laura A. Gens:* | *Attorneys for Debtor Laura A. Gens:* |
|---|---|
| Nancy Weng, Esq.<br>TSAO-WU & YEE, LLP<br>31 N. Second Street, Suite 260<br>San Jose, California 95113-1203<br>Tel.: (415) 777-1688<br>Fax: (415) 777-2298<br>Email: nweng@tsaoyee.com;<br>steve.kolkey@gmail.com | C. Alex Naegele, Esq.<br>C. ALEX NAEGELE, A PROF'L LAW CORP.<br>95 S. Market Street, Suite 300<br>San Jose, California 95113-2350<br>Tel.: (408) 995-3224<br>Fax: (408) 890-4645<br>Email: alex@canlawcorp.com;<br>AlexCR74753@notify.bestcase.com |
| *Office of the United States Trustee:* | *Chapter 7 Trustee* |
| OFFICE OF THE UNITED STATES TRUSTEE<br>280 S. First Street, Suite 268<br>San Jose, California 95113-3000<br>Tel.: (408) 535-5525<br>Fax: (408) 535-5532<br>Email: USTPRegion17.SJ.ECF@usdoj.gov | DORIS A. KAELIN<br>P.O. Box 1582<br>Santa Cruz, California 95061-1582<br>Tel.: (831) 600-8093<br>Email: dktrustee@gmail.com; C139@ecfcbis.com |
| *Attorneys for Chapter 7 Trustee* | |
| Gregg S. Kleiner, Esq.<br>RINCON LAW LLP<br>268 Bush Street, Suite 3335<br>San Francisco, California 94104-3503<br>Tel.: (415) 996-8180<br>Fax: (415) 680-1712<br>Email: gkleiner@rinconlawllp.com,<br>aworthing@rinconlawllp.com | |

*Chambers Copies to the Honorable Stephen L. Johnson:*

Anna Lee, Courtroom Deputy
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
280 S. First Street, Room 3035
San Jose, California 95113
Tel.: (408) 278-7515

☒ **BY OVERNIGHT MAIL SERVICE:** I am readily familiar with the firm's practice of collection and processing of correspondence by Golden State Overnight Delivery Services (GSO). Under that same practice it would be deposited on today's date in a GSO collection receptacle in Pasadena, California, for delivery within 48 hours, with instructions to bill sender on the label.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on September 5, 2018.

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |